***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before former Deputy Commissioner Dollar. The appealing party has shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. The employee-employer relationship existed between the parties at all relevant times.
3. Builders Mutual Insurance Company was the carrier on the risk.
4. Plaintiff sustained an injury to his back with radicular leg symptoms as a result of the April 8, 1999 compensable injury. His disability also began on April 8, 1999.
5. Plaintiff contends he has been completely unable to earn wages in employment from 8 April 1999 through the present and continuing.
6. The issue for determination is what is plaintiff's correct average weekly wage and resulting compensation rate?
7. The parties submitted the following stipulated exhibits:
a. Exhibit 1 — I.C. Forms and filings, thirty-three pages;
b. Exhibit 2 — Copies of Paychecks, two pages; and
c. Form 22 for Mike McEwen.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. In April of 1994, owner Terry Rothwell opened defendant-employer, a manufacturer of finished flat glass products, including table tops, shelving, mirrors and architectural glass. At the time of the hearing, the employer had two office staff, one salesman/partner, one driver, one outside installer, and four shop workers.
2. Prior to March 8, 1999, Mr. Rothwell interviewed plaintiff for an entry level shop job, which generally paid from $7.00 to $9.00 per hour plus overtime. As plaintiff had prior manufacturing experience, Mr. Rothwell offered him $9.00 per hour.
3. Plaintiff testified at the hearing that he told Mr. Rothwell he needed to make $10.00 per hour or $400.00 per week, as his prior job paid $15.00 per hour and the $10.00 per hour was the minimum he could accept. Plaintiff further testified that he was still in training at the time of the injury
4. Plaintiff began working for defendant-employer on March 8, 1999.
5. On April 8, 1999, plaintiff sustained an admittedly compensable back injury. He has not been able to return to work since the date of injury.
6. Adjuster Colleen Sontag filed an I.C. Form 63 on or about April 21, 1999, which reflected an average weekly wage of $360.00 and a compensation rate of $240.01, subject to wage verification.
7. On or about January 6, 2000, Ms. Sontag prepared an I.C. Form 21 Agreement for Compensation to pay plaintiff for a fifteen percent (15%) permanent partial impairment rating after Dr. Harlan Daubert found he had reached maximum medical improvement and was rated.
8. The Commission rejected the Form 21, instructing the carrier to submit the doctor's rating, a Form 28T, and a Statement that plaintiff understood his election of benefits.
9. On or about April 20, 2000, the Commission approved the Form 21 Agreement. However, plaintiff was never paid pursuant to the agreement.
10. On May 5, 2000, Ms. Sontag prepared an I.C. Form 62, Notice of Reinstatement, which reflected plaintiff had been taken out of work as of April 6, 2000 and temporary total disability benefits were reinstated as of that date at the $240.01 weekly rate.
11. Pay stubs entered into evidence clearly show that plaintiff's actual wages for the relevant time period totaled $1,823.22.
12. On November 3, 2000, Dr. Daubert prepared an I.C. Form 25R, which reflects plaintiff to have a twenty-five percent (25%) permanent impairment to his back.
13. Defendants prepared an I.C. Form 22 for Mike McEwen, a co-worker of plaintiff's, which reflected wages of $11,808.00 for 238 days worked, or an average weekly wage of $347.27 and a weekly compensation rate of $231.53, as defendants contend McEwen's wages would more closely approximate plaintiff's average weekly wage.
14. The carrier prepared an I.C. Form 62 on August 14, 2001, after receiving the Form 22 for Mr. McEwen, which increased plaintiff's average weekly wage to $362.53 and a compensation rate of $241.70.
15. From April 8, 1999 to August 13, 2001, defendants paid plaintiff's benefits at the weekly rate of $240.01. Since August 14, 2001, they had paid them at the rate of $241.70.
16. Based upon pay stubs entered into evidence, plaintiff received a total of $1,823.22 in wages while working for defendant-employer. The Full Commission finds as fact that this is the most credible evidence of plaintiff's wages during the relevant time period.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-2(5) provides the methodology by which average weekly wage is to be calculated. As plaintiff worked less than fifty-two weeks prior to the injury, the first method of calculating plaintiff's average weekly wage cannot be used. The issue for determination is which of the remaining methods is just and fair to the parties. Based upon the evidence adduced from the record, it is clear plaintiff was paid a total of $1,823.22. Therefore, the second method of calculating plaintiff's average weekly wage is just and fair to the parties, utilizing his actual wages earned over the thirty-two days worked. N.C. Gen. Stat. § 97-2(5).
2. Plaintiff's proper average weekly wage is $398.85, which yields a weekly compensation rate of $265.87. N.C. Gen. Stat. § 97-2(5).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendants shall pay plaintiff temporary total disability benefits at the weekly rate of $265.87 for the period from April 8, 1999 to the present and continuing until further Order of the Commission.
2. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be deducted from sums due plaintiff and paid directly to counsel.
3. Defendants shall pay the costs.
This the 2nd day of February, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER